IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02434-LTB-TPO

DOLLY DOW and
VIRGINIA SAKAL, individually, and as
representatives on behalf of Lumen Combined Pension
Plan f/k/a CenturyLink Combined Pension Plan,

      Plaintiffs,

v.

LUMEN TECHNOLOGIES, INC.,
LUMEN EMPLOYEE BENEFITS COMMITTEE,
CENTURYLINK INVESTMENT MANAGEMENT CO.,
KATHLEEN M. LUTITO,
STATE STREET GLOBAL ADVISORS TRUST CO., and
John Does 1–5,

      Defendants.

---

**PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**

---

**Timothy P. O'Hara, United States Magistrate Judge.**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of certain confidential information, it is hereby ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Local Rules of this District and the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      <u>Documents Which May be Designated CONFIDENTIAL.</u> Any party may designate documents as CONFIDENTIAL but only after review of the documents by an attorney or a party appearing pro se who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure, such as, but not limited to: confidential or sensitive commercial, personal, or personnel records (collectively, "CONFIDENTIAL information"). The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure.

4.      CONFIDENTIAL information shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

a.      attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

b.      the Parties, including their designated representatives and counsel;

c.      expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

d.      Court personnel and the jury at trial;

e.      stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

2

f.      deponents, witnesses, or potential witnesses;

g.      Government agencies, as permitted or required by applicable state and federal law;

h.      anyone as otherwise required by law; and

i.      other persons by written agreement of the Parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person identified in paragraph 4(c) (expert witnesses and consultants), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6.      <u>Documents Which May be Designated ATTORNEYS EYES ONLY.</u> The parties reserve the right to designate documents as ATTORNEYS EYES ONLY but only after review of the documents by an attorney who has in good faith determined that the documents contain highly sensitive business information that should be protected from disclosure, including, but not limited to: highly confidential personal information, Protected Health Information (PHI), medically sensitive information, trade secrets as defined and interpreted by the Federal Rule of Civil Procedure 26(c)(1)(G), other highly confidential or highly proprietary personnel records, and other highly confidential or highly proprietary commercial information (collectively, "ATTORNEYS EYES ONLY information"). Highly confidential or highly proprietary commercial information specifically refers to information which would place one party at a competitive disadvantage or could be used against that

3

party thereby resulting in cognizable harm if disclosed to another party. The parties recognize that such designations will be limited and sparingly used, and the parties agree to meet and confer in the event either party believes that the use of the designation is excessive or unjustified.

7.     ATTORNEYS EYES ONLY information shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed in redacted form as outlined in paragraph 9 to:

a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

b. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

c. Court personnel and the jury at trial;

d. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

e. deponents or witnesses;

f. Government agencies, as permitted or required by applicable state and federal law;

g. anyone as otherwise required by law; and

h. other persons by written agreement of the Parties.

8.     <u>Form and Timing of Designation</u>. A producing party may designate documents as CONFIDENTIAL and/or ATTORNEYS EYES ONLY and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL" and/or

"ATTORNEYS EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the "CONFIDENTIAL" and/ or "ATTORNEYS EYES ONLY" designation. Documents shall be designated "CONFIDENTIAL" and/or "ATTORNEYS EYES ONLY" prior to or at the time of the production or disclosure of the documents. Inadvertent production of any CONFIDENTIAL and/or ATTORNEYS EYES ONLY information prior to its designation as CONFIDENTIAL and/or ATTORNEYS EYES ONLY and restricted in disclosure in accordance with this Order shall not be deemed a waiver of a claim of confidentiality and/or any attorneys eyes only designation. Any such error shall be corrected within a reasonable time.

9.      Whenever a deposition involves the disclosure of CONFIDENTIAL and/or ATTORNEYS EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL and/or ATTORNEYS EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL and/or ATTORNEYS EYES ONLY information until the thirty-day period has expired.

10.    Claw back of Inadvertently Produced Documents. For purposes of this Agreement, an "Inadvertently Produced Document" is a document produced to a party in this litigation that could have been withheld, in whole or in part, based on a legitimate

5

claim of attorney-client privilege, work-product protection, or other applicable privilege.

11.    Inclusion of any Inadvertently Produced Document in a production shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

12.    When a producing party gives notice to the receiving party that any Inadvertently Produced Document is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The notice shall be made to the receiving party's counsel in writing and shall contain information sufficient to identify the Inadvertently Produced Document. Within ten (10) business days of the notice regarding the Inadvertently Produced Document, the producing party shall provide the receiving party with a privilege log for such document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege for the Inadvertently Produced Document. In the event that any portion of the Inadvertently Produced Document does not contain privileged information, the producing party shall also provide a redacted copy of the Inadvertently Produced Document that omits the information that the producing party believes is subject to a claim of privilege.

13.    The receiving party may object to the producing party's designation of an Inadvertently Produced Document by providing written notice of such objection five (5) business days after its receipt of the privilege log for such an Inadvertently Produced Document. Any such objection shall be resolved by the Court after an in camera review of the Inadvertently Produced Document. Pending resolution of the matter by the Court, the parties shall not use any documents that are claimed to be Inadvertently Produced

6

Documents in this litigation.

14.    In the event that a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL and/or ATTORNEYS EYES ONLY, the party wishing to make that designation must do so within fifteen (15) business days of receipt, and identify the information by bates label or, where not bates labeled, by document title and page number(s) or page and line number(s). The non-designating parties shall thereafter mark the document or information in the manner requested by the designating party and thereafter treat the document or information in accordance with such marking. However, any use by the non-designating parties made before a post-production designation will not be a violation of this Protective Order, and the post-production designation will apply prospectively only and will not apply to any disclosure made prior to the designation, so long as the non-designating party notifies the designating party of the prior disclosure and otherwise comes into conformance with the new designation.

15.    A party may object to the designation of particular CONFIDENTIAL and/or ATTORNEYS EYES ONLY information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. Pursuant to D.C.COLO.MJ VI.2, the Parties shall meet and confer in "good faith" in accordance with D.C.COLO.LCivR 7.1(a). If the Parties cannot resolve the discovery dispute within ten (10) business days after the time the notice is received, the Parties shall jointly contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL and/or

ATTORNEYS EYES ONLY under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL and/or ATTORNEYS EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL and/or ATTORNEYS EYES ONLY.

16.    Unless other arrangements are agreed upon in writing by the Parties, within thirty (30) days of the final determination of this action, each person or party who has received CONFIDENTIAL and/or ATTORNEYS EYES ONLY information shall be obligated to return the CONFIDENTIAL and/or ATTORNEYS EYES ONLY information, including any copies, to the designating party, or the Receiving Party may elect to destroy the CONFIDENTIAL and/or ATTORNEYS EYES ONLY information, including any copies, and certify that it has been destroyed. The Receiving Party, however, need not destroy or return (a) any CONFIDENTIAL and/or ATTORNEYS EYES ONLY information that it is required by law to maintain or (b) one archival copy of all deposition, hearing and trial transcripts (including exhibits), and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information and/or ATTORNEYS EYES ONLY information.

17.    The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL and/or ATTORNEYS EYES ONLY information pursuant to this Protective Order.  The Court will retain jurisdiction of enforcing this Protective Order

8

once the case is closed.

18. Any request to restrict public access to materials designated as CONFIDENTIAL and/or ATTORNEYS EYES ONLY pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. The party seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard. Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

**SO ORDERED**.

DATE: June 18, 2026

BY THE COURT:

_____

Timothy P. O'Hara
United States Magistrate Judge

9

**STIPULATED TO AND APPROVED ON JUNE 8, 2026**

/s/ Kurt C. Struckhoff

Jerome J. Schlichter
Sean E. Soyars
Kurt C. Struckhoff
Patrick R. Kutz
**SCHLICHTER BOGARD LLC**
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115
jschlichter@uselaws.com
ssoyars@uselaws.com
kstruckhoff@uselaws.com
pkutz@uselaws.com

*Attorneys for Plaintiffs*

/s/ Reginald R. Goeke (w/consent)

Nancy G. Ross
Reginald R. Goeke
Minh Nguyen-Dang
Jennifer L. Weinberg
**MAYER BROWN LLP**
1999 K Street NW
Washington, DC 20006
(202) 263-3000
nross@mayerbrown.com
rgoeke@mayerbrown.com
mnguyen-dang@mayerbrown.com
jlweinberg@mayerbrown.com

Kathryn A. Reilly
Jacob A. Rey
**WHEELER TRIGG O'DONNELL LLP**
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 244-1800
reilly@wtotrial.com
rey@wtotrial.com

*Attorneys for Lumen Defendants*

/s/ Benjamin S. Reilly (w/consent)

Jaime A. Santos
Benjamin S. Reilly
**GOODWIN PROCTER LLP**
1900 N. Street, N.W.
Washington, D.C. 20036-1612
(202) 346-4000
JSantos@goodwinlaw.com
BReilly@goodwinlaw.com

James O. Fleckner
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
JFleckner@goodwinlaw.com

*Attorneys for State Street Global Advisors Trust Co.*

10

**Exhibit A**

**AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE
STIPULATED PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge I have read the Protective Order ("Order") in *Dolly Dow, et al. v. Lumen Technologies, Inc., et al.,* Civil Action No. 1:24-cv-02434-PAB-TPO, United States District Court for the District of Colorado. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply, and be bound by, the terms set out therein. I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcement of the Order.

_____
Full Name

_____    _____
Signature                                   Date